UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

RAIN FOREST ADVENTURES (HOLDINGS),
LTD.; and HARALD JOACHIM VON DER GOLTZ,

    *Plaintiffs*,

v.

AIG INSURANCE HONG KONG LIMITED,

    *Defendants*.
_____/

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiffs, Rain Forest Adventures (Holdings), Ltd. ("Rain Forest"), and Harald Joachim Von Der Goltz ("Von Der Goltz"), sue the Defendant, AIG Insurance Hong Kong Limited ("AIG"), and allege as follows:

**NATURE OF ACTION**

1. This is an action seeking a declaration pursuant to 28 U.S.C. §2201 and a defensive foreign anti-suit injunction.

**PARTIES, JURISDICTION, AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1332. The parties have complete diversity of citizenship. The matter in controversy exceeds the sum of $75,000.00, exclusive of interest, costs, and attorney's fees.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because AIG regularly conducts business in Miami-Dade County, Florida; a substantial part of the events and omissions on the part of AIG giving rise to this action occurred in Miami-Dade County, Florida; the

Page 1 of 16

**KUTNER, RUBINOFF & MOSS, LLP**
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133 ⬥ Phone: 305.358.6200 ⬥ www.krmlegal.com

covered claims at issue were brought and litigated in Miami-Dade County, Florida; actions to adjust and settle the covered claims occurred in Miami-Dade County, Florida; and AIG insured Rain Forest and Von Der Goltz in litigation venued in Miami-Dade County, Florida.

4. At all material times, Rain Forest Adventures (Holdings) Ltd. was a foreign corporation, maintaining a principal place of business in Miami, Florida, was licensed under the laws of foreign countries, including St. Lucia, and was doing business as a shore excursion operator in several locales, including St. Lucia.

5. At all material times, Harald Joachim von der Goltz maintained offices in and worked in Miami, Florida. Harald Joachim von der Goltz was an officer and director of Rain Forest Adventures (Holdings) Ltd.

6. At all material times, AIG was a corporation organized and incorporated under the laws of Hong Kong with its principal place of business in Hong Kong. AIG is in the business of providing insurance coverage to its insureds for risks and events occurring around the world, including in Miami-Dade County, Florida. At all material times, AIG was doing substantial and non-isolated business in the State of Florida and/or the United States as a whole, including an ongoing business relationship with Rain Forest, which is headquartered in Miami, thereby subjecting itself to jurisdiction in this State under the Long Arm Statutes of Florida, including Florida Statutes §§ 48.081, 48.181, and 49.193, and pursuant to Federal Rule of Civil Procedure 4(k)(2).

**FACTUAL BACKGROUND**

KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133 ⬥ Phone: 305.358.6200 ⬥ www.krmlegal.com

### THE ACCIDENT AND RESULTING LAWSUIT

7. On July 15, 2015, while vacationing in the Caribbean as passengers aboard M/V *Adventure of the Seas*, a vessel owned and operated by Royal Caribbean Cruise Lines, Ltd., Lynne and William McCullough participated in an onshore excursion in Babonneau, St. Lucia. The excursion was a zip line ride named Rain Forest Sky Rides "Adrena Line" course. The "Adrena Line" course was owned and operated by Rain Forest and/or its wholly owned entities. The McCullough's were injured while participating in the "Adrena Line" course.

8. On January 15, 2016, the McCulloughs filed a lawsuit against the Rain Forest entities, alleging negligence and gross negligence in the Rain Forest's operation of the Adrena-Line zip lining tour (the "Underlying Lawsuit"). *See McCullough v. Rain Forest Adventures (Holdings), Ltd., et. al.*, no. 16-cv-20194-DPG-CMM [D.E. 1]. The allegations set forth below are from the McCullough's complaint.

9. After completing most of the zip line course, the McCulloughs landed on platform 15 – a rappel with belay station designed to lower the guests down by secured rope and harness to the ground below. The McCulloughs claimed they were never informed of the belay station prior to reaching platform 15. Had they been informed that the excursion involved belaying, they alleged they would not have participated.

10. Mrs. McCullough followed the platform guide's instructions and was hooked up to be dropped through the hatch and rappelled (belayed) to the ground.

11. When securing Mrs. McCullough to her harness and facilitating her descent, the platform guides allegedly violated the station's operating and safety rules by failing to use the back-up safety rope and failing to verbally communicate signals to each other to ensure Mrs. McCullough's safe descent. When Mrs. McCullough was dropped through the platform hatch,

KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133 ⬥ Phone: 305.358.6200 ⬥ www.krmlegal.com

she fell unrestrained and unobstructed approximately 43 feet to the rock-hard ground and landed on her back.

12. Mrs. McCullough suffered severe, catastrophic, and permanent damages. Among other injuries, Mrs. McCullough was rendered quadriplegic as a result of the fall. Mr. McCullough also suffered severe and permanent damages.

### THE MCCULLOUGHS' SETTLEMENT DEMANDS, THE POLICY AND AIG'S RESPONSE

13. Throughout the Underlying Lawsuit, the McCulloughs made several settlement offers to Rain Forest.

14. At all material times, Rain Forest was insured by AIG under a "Dragonshield" Corporate Liability Insurance Policy bearing Policy No. DOL0003309/000004 for the May 29, 2015 to May 29, 2016 policy period with an applicable total policy limit of $5,150,000.00[1] (the "Policy"). A copy of the Policy is attached as Exhibit A.

15. The Policy provides that AIG will:

> (i) pay to or on behalf of each **Insured Person** any **Loss** except to the extent that the **Insured Person** has been indemnified by the **Company** for the Loss;
> or
>
> (ii) pay to or on behalf of the **Company** any **Loss** in respect of which it has indemnified or is liable to indemnify an **Insured Person**.

Policy, § 1.A.

16. "**Loss**" is defined to mean "any amount which an **Insured** [**Insured Person** or **Company**] is legally obligated to pay resulting from a '**Claim**'...." *Id.*

---

[1] The $5.150 million limit is comprised of a $5 million general aggregate limit and a $150,000.00 "individual excess limit." Exhibit A at Declarations.

Page 4 of 16

**KUTNER, RUBINOFF & MOSS, LLP**
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133  •  Phone: 305.358.6200  •  www.krmlegal.com

17. "**Claim**" is defined to mean, in relevant part, "a written demand or a civil … proceeding … made or brought against an **Insured** [**Insured Person** or **Company**] alleging a **Wrongful Act**." *Id.*[2]

18. The Policy states that

> **Disputes**
> Except as otherwise specifically provided, any dispute regarding any aspect of this policy or any matter relating to cover thereunder cannot be resolved by agreement within six (6) months, shall first be referred to mediation at Hong Kong International Arbitration Centre (HKIAC) an in accordance with its mediation rules.
>
> If the mediation is abandoned by the mediator or is otherwise concluded without the dispute or difference being resolved, then such dispute or difference shall be referred to and determined by arbitration at HKIAC and in accordance with its Domestic Arbitration Rules
>
> Policy, § 8.9.

19. The Policy also contains a **Global Liberalization Clause** which provides, in pertinent part:

> In respect of **Loss** arising from any **Claim** maintained in a **Foreign Jurisdiction** or to which the law of a **Foreign Jurisdiction** is applied, the **Insurer** shall apply the terms and conditions of this policy as amended to include those of the **Foreign Policy** in the **Foreign Jurisdiction** that are more favourable to **Insureds** in the **Foreign Jurisdiction**.
>
> Policy, § 2.15

20. "**Foreign Jurisdiction** means any jurisdiction, other than Hong Kong." Policy, § 4.27.

21. **Foreign Policy** is defined as "the standard executive managerial liability policy (including all mandatory endorsement, if any) approved by the **Insurer** or any of its affiliates to

---

[2] It is undisputed that the McCullough's lawsuit against the Rain Forest Entities constitutes a **Claim** against an **Insured Person** that alleges a **Wrongful Act**.

Page 5 of 16

KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133  ♦  Phone: 305.358.6200  ♦  www.krmlegal.com

be sold within a **Foreign Jurisdiction** that provides coverage substantially similar to the coverage afforded under this policy." Policy, § 4.28.

22. AIG was consistently made aware of the McCulloughs' several settlement offers and the potential for a judgment against Rain Forest and Von Der Goltz well in excess of AIG's Policy limits if the demands were not accepted. Each settlement opportunity required AIG to tender only $5 million of the Policy's limits.

23. AIG consistently rejected the settlement opportunities and consistently offered to contribute only $350,000.00 toward the settlement of claims against its insureds, based in large part on its evaluation of its insureds liability exposure.

### THE ARBITRATION AND FINAL JUDGMENT

24. On March 30, 2018, after years of protracted litigation, the Court in the Underlying Lawsuit entered an order denying the Rain Forest's and its related entities' Motion for Summary Judgment. The case was set to be tried before a jury in early May of 2018.

25. After the summary judgment motions were denied, and because the matter could not be resolved with the Rain Forest's insurers, Rain Forest, its related entities, and Von Der Goltz entered into discussions with the McCulloughs that culminated in the parties entering into a Confidential Dispute Resolution Agreement on or about April 24, 2018. The parties later entered into two (2) Confidential Addendums to the Confidential Dispute Resolution Agreement.

26. AIG was timely notified of the parties' Confidential Dispute Resolution Agreement and of the parties' intent to resolve the McCulloughs' claims through binding arbitration. AIG did not object to its insureds entry into the Agreement or their decision to resolve the McCulloughs' claims through arbitration.

KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133 ⬥ Phone: 305.358.6200 ⬥ www.krmlegal.com

27. On April 27, 2018, the Court in the Underlying Lawsuit approved the Confidential Dispute Resolution Agreement, referred the parties to binding arbitration, stayed further proceedings pending the outcome of the arbitration, and "retain[ed] jurisdiction to permit the potential amendment of pending pleadings to allow the filing of a third party Complaint and potential cross-claim following conclusions of the arbitration proceedings and for consideration of such further proceedings as may be necessary to accomplish the objectives of the Confidential Dispute Resolution Agreement." *McCullough*, no. 16-cv-20194-DPG-CMM, [D.E. 427].

28. The binding arbitration was conducted on May 20 and 21, 2018.

29. On May 28, 2018, the arbitrator entered his findings as to the economic and non-economic damages suffered by Mr. and Mrs. McCullough.

30. On July 12, 2018, Final Judgment was entered in favor of the McCulloughs and jointly and severally against Rain Forest and its related entities. *Id.* at [D.E. 436].

31. The total damages awarded in favor of the McCulloughs and against the Rain Forest entities jointly and severally substantially exceeded the total amount that the claims could have been settled for had AIG timely tendered its $5 million policy limits.

32. As a direct and proximate result of AIG's failure to pay its Policy limits toward the resolution of the McCulloughs' claims against its insureds, Rain Forest, its related entities, and Von Der Goltz are legally liable for the damages suffered by the McCulloughs and a resulting judgment far in excess of AIG's Policy limits.

33. On August 20, 2018, the McCulloughs filed their Third Amended Complaint, alleging bad faith against AIG. *Id.* at [D.E. 444].

Page 7 of 16

KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133  ⬥  Phone: 305.358.6200  ⬥  www.krmlegal.com

34. On October 31, 2018, AIG appeared in the Underlying Lawsuit. AIG moved to dismiss the McCullough's complaint and moved to compel the McCulloughs to arbitrate their dispute in Hong Kong, pursuant to the Disputes Clause in the Policy. *Id.* at [D.E. 467].

35. Before the Court ruled on AIG's motion, AIG sought and received, on an *ex-parte* basis, an Injunction Order in the High Court of the Hong Kong Special Administrative Region Court of the First Instance, which purported to enjoin the McCulloughs from taking any further action in the Underlying Lawsuit. *Id.* at [D.E. 538], p. 2.

36. In response, the McCulloughs filed their Verified Emergency Motion for Temporary Restraining Order to Enjoin AIG From Taking Further Action in the High Court of the Hong Kong Special Administrative Region ("Motion for Anti-Suit Injunction"), asking the court to enjoin AIG from taking further action in Hong Kong until the court ruled on the Motion to Compel Arbitration. *Id.* at [D.E. 471].

37. On May 10, 2019, AIG's motion to compel arbitration was denied. *McCullough*, no. 16-cv-20194-DPG-CMM [D.E. 505], attached as Exhibit B. The Court found that the McCulloughs are not signatories to the AIG Policy and cannot be compelled to arbitrate in Hong Kong. The May 10, 2019 Order abated the McCulloughs' bad faith claim and administratively closed the case, finding that "the McCulloughs' bad faith claim is premature until coverage under the Policy has been established." *Id.* In administratively closing the case, the court denied all pending motions as moot, including the Motion for Anti-Suit Injunction.

38. The McCulloughs moved to amend their complaint to contain a count for declaratory relief. *Id.* at [D.E. 508].

39. AIG appealed the May 10, 2019 Order to the 11th Circuit Court of Appeals. The court in the Underlying Lawsuit stayed all further actions pending outcome of the appeal.

Page 8 of 16

Kutner, Rubinoff & Moss, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133  ♦  Phone: 305.358.6200  ♦  www.krmlegal.com

40. On June 14, 2019, AIG filed a Notice of Arbitration against Rain Forest and Von Der Goltz with the Hong Kong International Arbitration Centre. The Notice is attached as Exhibit C.

41. On July 3, 2019, after the court in the Underlying Lawsuit ruled that the McCulloughs cannot be compelled to arbitrate the coverage issue in Hong Kong, the Hong Kong court issued a decision finding that the McCulloughs and Rain Forest are subject to the arbitration clause in the insurance contract between AIG and its insureds. The Hong Kong Court continued, in part, the *ex-parte* injunction entered on December 18, 2018. *McCullough*, no. 16-cv-20194-DPG-CMM [D.E. 534], attached as Exhibit D.[3]

42. Specifically, the Hong Kong court found that:

> ¶ 75: AIG has shown that there is a "high degree of probability" that the McCulloughs are bound by the contractual dispute resolution provisions [of the subject insurance policy].
>
> ¶ 100: [U]nder the law of Hong Kong, a party is not entitled to found a claim on rights arising out of an insurance policy without also being bound by the dispute resolution provisions in the policy . . . whether the claimant is a party to the policy or not.
>
> ¶ 94: Without the injunction, the McCulloughs will seek to reopen the Miami proceedings via the Fourth Amended Complaint to attempt to resolve the coverage issues in the United States.
>
> ¶ 102: In the present case, the Miami court has held that under Florida law, the McCulloughs must obtain "*a resolution* [of the coverage issue] *of some kind on factor of the insured*." The court declined to compel the McCulloughs to arbitrate in accordance with the provisions of the policy, but stayed the proceedings until determination of coverage. I do not accept that it can be reasonably understood that the judge has implicitly determined the appropriate forum regarding coverage to be the Miami court. His decision does not seem to be inconsistent with a decision of this court barring the McCulloughs from seeking to determine the coverage issue otherwise in accordance with provisions of the policy.

---

[3] The McCulloughs have moved for Defensive Foreign Anti-Suit Injunction to Enjoin AIG from Taking Further Action in the High Court of the Hong Kong Special Administrative Region. *McCullough*, no. 16-cv-20194-DPG-CMM [D.E. 537].

Page 9 of 16

KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL 33133 ◆ Phone: 305.358.6200 ◆ www.krmlegal.com

> ¶ 103: As indicated above, that is the limit of this court's exercise of its discretion, and the working of the existing order of 18 December 2018 appears to go beyond that. The parties should agree to appropriately limited wording, updated if necessary to include the Fourth Amended Complaint, and submit it to the court for approval.

Ex. D.

43. AIG now seeks to resolve the coverage issues via arbitration in Hong Kong.

44. Rain Forest and Von Der Goltz are opposing the Hong Kong arbitration because all coverage and liability determinations will be made in the Underlying Lawsuit, which is maintained in the Southern District of Florida, to which Rain Forest and Von Der Goltz have been parties for three years.

## GENERAL ALLEGATIONS

45. All conditions precedent to bringing this action have been performed, waived or have otherwise occurred. All premiums were paid and all other conditions required to maintain the Policy in full force and effect at all relevant times have been satisfied, waived, or have otherwise occurred.

46. All conditions precedent to AIG's duty to settle the McCulloughs' claims on behalf of the insureds, Rain Forest and Von Der Goltz, have been satisfied, waived, or have otherwise occurred.

47. Rain Forest and Von Der Goltz were compelled to retain the undersigned to represent their interests in this matter and agreed to pay them a reasonable fee.

## COUNT I: DECLARATORY RELIEF

48. Rain Forest and Von Der Goltz re-assert the allegations contained in Paragraphs 1 through 47.

KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL 33133 ♦ Phone: 305.358.6200 ♦ www.krmlegal.com

49. The Underlying Lawsuit was filed against Rain Forest and Von Der Goltz in the Southern District of Florida and resulted in a judgment that was entered in the Southern District of Florida.

50. Pursuant to the terms of the Policy, the McCulloughs' **Loss** and **Claim** was maintained in the Southern District of Florida, a **Foreign Jurisdiction**, triggering application of the **Global Liberalization Clause**.

51. Counsel for Rain Forest and Von Der Goltz requested copies of the comparable **Foreign Policy** issued in this jurisdiction from AIG, but AIG refused.

52. Based on Rain Forest's and Von Der Goltz's independent research, the comparable **Foreign Policy** issued by AIG in this jurisdiction provides that disputes with respect to coverage under the policy will be determined by either a non-binding mediation or arbitration in the United States. The insured has the ultimate say in deciding whether to mediate or arbitrate. *See* AIG D&O First Policy, attached as Exhibit E.

53. There exists a bona fide, actual, present and practical need for a legal determination by this Court of the duties, rights and obligations of AIG with regard to the terms and conditions of the Policy as applied to the McCulloughs' claim against Rain Forest and Von Der Goltz

54. Pursuant to rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Rain Forest and Von Der Goltz are entitled to a declaration that the Policy's **Global Liberalization** clause applies to the McCulloughs' claims, as stated in the Underlying Lawsuit.

55. All necessary parties and interests are present before the Court.

56. Rain Forest and Von Der Goltz request a declaration that:

   a. The Policy's **Global Liberalization** clause applies the McCulloughs' claims and

Page 11 of 16

KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133 ◆ Phone: 305.358.6200 ◆ www.krmlegal.com

    the Underlying Lawsuit; and

  b. AIG must apply the terms and conditions of the applicable **Foreign Policy** issued in this jurisdiction, specifically with respect to any dispute resolution clause contained in the **Foreign Policy**.

  WHEREFORE, Plaintiffs, Rain Forest Adventures (Holdings), Ltd., and Harald Joachim Von Der Goltz, respectfully request the declarations set forth herein, and any further relief that this Court deems equitable and proper.

### COUNT II: DEFENSIVE FOREIGN ANTI-SUIT INJUNCTION TO ENJOIN AIG FROM TAKING FURTHER ACTION IN THE HIGH COURT OF THE HONG KONG SPECIAL ADMINISTRATIVE REGION

  57. Rain Forest and Von Der Goltz re-assert the allegations contained in Paragraphs 1 through 47.

  58. The McCulloughs have moved to amend their complaint in the Underlying Lawsuit to add a count for declaratory relief, in accord with the court's May 10, 2019 Order finding that they cannot be compelled to participate in an arbitration proceeding in Hong Kong and must seek a coverage determination. Rain Forest and Von Der Goltz are named in the declaratory action. *See* Fourth Amended Complaint, *McCullough*, no. 16-cv-20194-DPG-CMM [D.E. 508].

  59. AIG seeks to compel both the McCulloughs and Rain Forest and Von Der Goltz to participate in an arbitration proceeding in Hong Kong.

  60. It is clear that AIG seeks to ignore and violate the May 10, 2019 Order issued in the Underlying Lawsuit and obtain its coverage determinations through the arbitration in Hong Kong.

KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133 ⬥ Phone: 305.358.6200 ⬥ www.krmlegal.com

61. AIG has received an injunction in the Hong Kong court prohibiting the McCulloughs from continuing to litigate the coverage action before any United States court, despite the fact that the Underlying Lawsuit was filed first, that AIG filed its Motion to Compel Arbitration first, and that the court in the Underlying Lawsuit ruled that the McCulloughs were not bound by the arbitration clause in the insurance policy first.

62. Allowing AIG to move forward with its Hong Kong injunction and compel Rain Forest and Von Der Goltz to participate in an arbitration in Hong Kong poses a substantial risk of Rain Forest and Von Der Goltz being bound by two, possibly conflicting, coverage determinations and undermines the jurisdiction of this circuit.

63. The McCulloughs have sought to obtain the requisite coverage determinations in the Underlying Lawsuit, which is maintained in this circuit. The finding of that action will be binding on Rain Forest and Von Der Goltz, who have been active parties for three years.

64. But Rain Forest and Von Der Goltz will also be bound by any coverage determinations made in an arbitration proceeding in Hong Kong.

65. "It is well-established among the courts of appeals that federal courts have some power to enjoin foreign suits by persons subject to federal court jurisdiction." *Canon Latin Am., Inc. v. Lantech (CR) S.A.*, 508 F.3d 597, 601 (11th Cir. 2007); *accord Kirby, PTY Ltd. v. Norfolk Southern Ry.*, 71 F. Supp. 2d 1363, 1366 (N.D. Ga. 1999) (reversed on other grounds).

66. "A district court may issue an anti-suit injunction only if: (1) 'the parties are the same in both [the foreign and domestic lawsuits],' and (2) 'resolution of the case before the enjoining court is dispositive of the action to be enjoined.'" *Canon Latin Am*, 508 F.3d at 60.

KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133  ⬥  Phone: 305.358.6200  ⬥  www.krmlegal.com

67. The power of the federal courts in this regard includes the power to issue defensive anti-suit injunctions. *See Mutual Serv. Casualty Ins. Co. v. Frit Indus.*, 805 F. Supp. 919, 925 (M.D. Ala. 1992) (issuing defensive anti-suit injunction to prohibit an insurance company from "pursing its claim for injunctive relief in [a foreign tribunal] to the extent the insurance company seeks an injunction prohibiting . . . any . . . party . . . from proceeding further with their declaratory judgment before this court."); *see also Laker Airways, Ltd. V. Sabena, Belgian World Airlines*, 731 F.2d 909, 915-916 (D.C. Cir. 1984) (affirming district court's decision to issue a defensive anti-suit injunction as to the remaining defendants after some foreign defendants, in response to being sued in U.S. District Court, sought and received an anti-suit injunction from a foreign tribunal).

68. The parties are the same in the Underlying Lawsuit and the Hong Kong litigation and arbitration. These actions involve the McCulloughs, Rain Forest, Von Der Goltz, and AIG.

69. The claims are also identical in both actions. The Underlying Lawsuit seeks to obtain a coverage determination and alleges that AIG is liable to the McCulloughs for all damages awarded against Rain Forest and Von Der Goltz. The Hong Kong litigation and arbitration also involves a coverage determination and AIG's liability to the McCulloughs. *See McCullough*, no. 16-cv-20194-DPG-CMM [D.E. 505], [D.E. 537-2].

70. Under *Canon Latin Am., Inc.*, the Court must next consider "additional factors to determine whether an injunction is appropriate." These factors include (but are not limited to):

> the nature of the two actions (i.e., whether they are merely parallel or **whether the foreign action is more properly classified as interdictory**); the posture of the proceedings in the two countries; the conduct of the parties (including their good faith or lack thereof); the importance of the policies at stake in the litigation; and, finally, **the extent to which the foreign action has the potential to undermine the forum court's ability to reach a just and speedy result.**

Page 14 of 16

KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL 33133 ⬥ Phone: 305.358.6200 ⬥ www.krmlegal.com

508 F.3d at 601; *Quaak v. Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren,* 361 F.3d 11, 19 (1st Cir. 2004) (emphasis added).

71.     AIG's Hong Kong litigation, and the resulting July 3, 2019 decision, is interdictory in that it purports to compel the McCulloughs and the Rain Forest Entities to arbitrate the coverage issue in Hong Kong under the dispute resolution provisions of the insurance contract between AIG and its insureds, despite the prior-entered May 10, 2019 Order finding that the McCulloughs are not bound by that provision, allowing the McCulloughs to seek a coverage determination in this jurisdiction through their Fourth Amended Complaint.

72.     AIG seeks to prohibit the McCulloughs from pursuing their Fourth Amended Complaint seeking declaratory relief, which has been stayed pending the outcome of AIG's appeal.

73.     Rain Forest and Von Der Goltz are now being forced to participate in and be bound by any findings of the Hong Kong arbitration, despite being an active party to the Underlying Lawsuit for three years.

74.     Federal courts recognize that these such injunctions are "appropriate when necessary to prevent a 'miscarriage of justice,'" which most often concerns when either: (1) the foreign court's action threatens the jurisdiction of the enjoining court, or (2) when a party attempts to evade or frustrate a forum's important public policies by litigating in a foreign court." *See Mutual Serv. Casualty Ins. Co. v. Frit Indus.*, 805 F. Supp. 919, 923-24 (M.D. Ala. 1992).

75.     AIG's continuation of the Hong Kong litigation and arbitration is unquestionably a direct attack on the jurisdiction of this circuit and exposes Rain Forest and Von Der Goltz to multiple, identical, costly litigations that could render inconsistent results.

KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133  ⬧  Phone: 305.358.6200  ⬧  www.krmlegal.com

WHEREFORE, Plaintiffs, Rain Forest Adventures (Holdings), Ltd., and Harald Joachim Von Der Goltz demand that this Court grant a Defensive Foreign Anti-Suit Injunction to Enjoin AIG From Taking Further Action in the High Court of the Hong Kong Special Administrative Region and arbitration before the Hong Kong International Arbitration Centre, and seeks attorney's fees and costs, and any further relief that this Court deems equitable, just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs, Rain Forest Adventures (Holdings), Ltd., and Harald Joachim Von Der Goltz request trial by jury of all issues so triable.

Dated this 5th day of September 2019.

                              Respectfully Submitted,

                    BY:   *s/ Andrew M. Moss*
                            **Andrew M. Moss**
                            Florida Bar No. 0170259
                            Email: *moss@krmlegal.com*
                            **KUTNER, RUBINOFF & MOSS, LLP**
                            2665 South Bayshore Drive, Suite 301
                            Coconut Grove, FL  33133
                            Phone: (305) 358-6200
                            Fax:    (305) 577-8230
                            Attorney for Plaintiffs

Page 16 of 16

KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133 ♦ Phone: 305.358.6200 ♦ www.krmlegal.com