# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23698-GAYLES

**RAIN FOREST ADVENTUES (HOLDINGS) LTD.; and HARALD JOACHIM VON DER GLOTZ,**

      **Plaintiffs,**

v.

**AIG INSURANCE HONG KONG LIMITED,**

      **Defendant.**

                                      /

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Expedited Motion for Preliminary Anti-Suit Injunction [ECF No. 12], Defendant's Motion to Dismiss the Insureds' Complaint for Declaratory Relief and to Compel Arbitration [ECF No. 30], the Proposed Intervenor's Motion for Leave to Intervene [ECF No. 17], and Defendant's Motion for Sanctions [ECF No. 11] (collectively, the "Motions"). The Court considered the Motions at the hearing on January 27, 2020, and issued oral rulings on each. This written omnibus order follows.

## BACKGROUND

This case presents the sequel to *McCullough v. Royal Caribbean Cruises, Ltd., et al.*, Case No. 16-20194 (S.D. Fla. Jan. 15, 2016) ("*McCullough*").[1] In *McCullough*, Lynn McCullough and her husband (the "McCulloughs") obtained a substantial settlement from Plaintiffs, Rain Forest

---

[1] The Court adopts and incorporates the recitation of facts set forth in the Court's Order on Defendant AIG Insurance Hong Kong Limited's Motion to Compel Arbitration and Dismiss Plaintiffs' Third Amended Complaint in *McCullough*. See *McCullough v. Royal Caribbean Cruises, Ltd., et al.*, No. 16-cv-20194, 2019 WL 2076192 (S.D. Fla. May 10, 2019).

Adventures (Holdings) Ltd. and Harald Joachim von der Glotz, following litigation that arose from a tragic and severe incident that caused Lynn injuries during a cruise excursion in St. Lucia. The McCulloughs sought to enforce the settlement against Plaintiffs' insurer, AIG Insurance Hong Kong Limited ("AIG") through a third-party bad faith action under Florida law. *See McCullough*, 2019 WL 2076192, at *2 (S.D. Fla. May 10, 2019).

AIG moved to compel arbitration based on the terms of Plaintiffs' insurance policy (the "Policy"). *Id.* The Policy's Disputes Clause states that:

> Except as otherwise specifically provided, any dispute regarding any aspect of this policy or any matter relating to cover thereunder which cannot be resolved by agreement within six (6) months, shall first be referred to mediation at Hong Kong International Arbitration Centre (HKIAC) and in accordance with its Mediation Rules.
>
> If the mediation is abandoned by the mediator or is otherwise concluded without the dispute or difference being resolved, then such dispute or difference shall be referred to and determined by arbitration at HKIAC and in accordance with its Domestic Arbitration Rules.

*Id.* at *1; *see also* [ECF No. 1 ¶ 18]. This Court denied AIG's motion and held that the McCulloughs could not subjected to arbitration because they were not signatories to the Policy. *See McCullough*, 2019 WL 2076192, at *4. The Court then stayed *McCullough* to await a determination on coverage. *Id.* AIG appealed the Court's Order, which remains pending, and initiated arbitration against Plaintiffs in Hong Kong to determine the Policy's applicability and limits.

Plaintiffs then brought this action against AIG seeking a declaration that arbitration is not required under the Policy and that AIG is required to resolve the dispute in this Court. [ECF No. 1]. Plaintiffs argue that a separate provision of the Policy applies, the Global Liberalization Clause, and that under its terms arbitration in Hong Kong is not mandatory:

> In respect of Loss arising from any Claim maintained in a Foreign Jurisdiction or to which the law of a Foreign Jurisdiction is applied, the Insurer shall apply the terms and conditions of this policy as amended to include those of the Foreign Policy in the Foreign Jurisdiction that are more favourable to Insureds in the Foreign Jurisdiction.

[ECF No. 1 ¶ 19]. Plaintiffs also sought an anti-suit injunction to prevent the Hong Kong proceedings from moving forward. [*Id.* ¶¶ 57–75].

A flurry of motions followed. AIG moved for sanctions, arguing that the suit is frivolous under the Policy's terms. [ECF No. 11]. Plaintiffs then filed an Expedited Motion for Preliminary Anti-Suit Injunction. [ECF No. 12]. The McCulloughs moved to intervene under Federal Rule of Civil Procedure 24. [ECF No. 17]. And AIG moved to dismiss and compel arbitration. [ECF No. 30].

**DISCUSSION**

**I.     The McCulloughs' Motion for Leave to Intervene**

The Court first considers whether the McCulloughs should be granted leave to intervene under Federal Rule of Civil Procedure 24.[2] "Under Rule 24(a)(2), a party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable." *Georgia v. United States Army Corps of Eng'rs,* 302 F.3d 1242, 1249 (11th Cir. 2002). Intervention is permissible when a party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Courts also consider whether the intervention application is timely. *See Sierra Club*, *Inc. v. Leavitt*, 488 F.3d 904, 910 (11th Cir. 2007).

---

[2] The McCulloughs' Motion also blankly asserts a claim under Rule 24(b), but provides no argument or support for such motion in their moving papers nor during argument. The Court therefore considers that argument forfeited.

Notably, an interest in economic recovery is not the same as a legally protectable interest required by Rule 24. *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005). A legally protectable interest is instead "an interest that derives from a legal right." *Id.* (quoting *United States v. South Fla. Water Mgmt. Dist.*, 922 F.2d 704, 710 (11th Cir. 1991) ("What is required is that the interest be one which the *substantive* law recognizes as belonging to or being owned by the applicant.").

The McCulloughs seek to intervene based on their settlement with Plaintiffs in *McCullough*—a settlement that potentially exceeds sixty million dollars. They have identified no other interest in this action. As such, their interest is purely economic and does not warrant intervention under this circuit's precedent. *See Mt. Hawley*, 425 F.3d at 1311.

Nor have they persuaded the Court that Plaintiffs would not adequately protect their interests in this litigation, as the parties have the same goals and strategy. *See Georgia River Network v. U.S. Army Corps of Eng'rs*, No. 4:10-CV-00267, 2011 WL 3320514, at *3 (S.D. Ga. Aug. 1, 2011) (proposed intervenors "need only show that there exists between it and the plaintiffs a reasonable divergence or disunity of litigation strategy, if not ultimate objective"). Indeed, Plaintiffs have a compelling reason to adequately litigate this matter: an outcome not in their favor could result in their payment of the entire settlement. The Court shall therefore deny the McCullough's Motion.

## II. AIG's Motion to Dismiss and Motion to Compel

Next, the Court takes up AIG's Motion to Dismiss the Insureds' Complaint for Declaratory Relief and to Compel Arbitration. Notably, the parties agree that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201–08 (the "Convention"), governs here because there is an agreement in writing between AIG and Plaintiffs

and all of the Convention's other prerequisites are satisfied. *See Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005) (outlining prerequisites for arbitration under the Convention). Solely at issue is whether the Policy requires arbitration. The Court agrees that it does.

"[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Id.* (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). In determining the validity of an agreement to arbitrate, the Supreme Court has noted that, in most circumstances, "a court should decide 'certain gateway matters, such as whether the parties have a valid arbitration agreement at all . . . .'" *Id.* (quoting *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003)). This "[question of arbitrability], is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" *Id.* (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)).

Here, the Court is prohibited from resolving whether the Global Liberalization Clause requires litigation before this Court because the Policy "clear[ly] and unmistakabl[y]" delegates threshold arbitrability matters to HKAIC. *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1264 (11th Cir. 2017) (noting that parties may agree to confer jurisdiction to the arbitrator to determine threshold issues of arbitrability); *see also Jones v. Pro Source Servs., Inc.*, No. 8-13-cv-1311-T-30EAJ, 2013 WL 37766889 (M.D. Fla. July 17, 2013) (holding that where an arbitration agreement incorporated the AAA's Employment Arbitration Rules, jurisdiction over issues of arbitrability were conferred to the arbitrator instead of the court). The Disputes Clause specifically states that "any dispute regarding any aspect of this Policy or any matter relating to cover thereunder" shall first go to mediation, then arbitration, before HKAIC. [ECF No. 1 ¶ 18]. That is as clear a delegation as it gets.

Plaintiffs argue that the Disputes Clause governs "except as otherwise provided." [ECF No. 1 ¶ 18]. Plaintiffs point out that the Global Liberalization Clause "otherwise provide[s]" for alternative litigation options because it incorporates terms of more "favourable" policies to govern claims arising in a foreign jurisdiction where a different insurance policy has been issued. [*Id.* ¶ 19]. While Plaintiffs argue that a "favourable" policy may exist that would require litigation here, they provide no evidence of such a policy. Nor have they affirmatively requested such evidence through limited discovery. Even so, whether the Global Liberalization Clause would apply to bar arbitration is itself a question of the scope of arbitrability—a question that the Policy expressly refers to HKAIC. Accordingly, the Court agrees that arbitration is warranted because the Policy specifically delegates threshold arbitrability matters to the HKAIC.

AIG has also moved to dismiss based on lack of personal jurisdiction and forum nonconveniens. The Court need not reach these issues based on the foregoing. Additionally, given AIG's extensive litigation in this and *McCullough* without a reservation of rights, the Court could reasonably infer waiver of personal jurisdiction. *See Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1225 (S.D. Ala. 2006) ("The more active a defendant has been in litigating a case, the more likely it is that the defendant will be deemed to have waived defects in personal jurisdiction and impliedly consented to a court's jurisdiction.").

\*   \*   \*

The Court shall deny Plaintiffs' Motion for Temporary Anti-Suit Inunction, as they have no likelihood of success on the merits following the Court's ruling on AIG's motion to compel. The Court shall also deny AIG's Motion for Sanctions, as the Court finds issues sufficiently in dispute such that the Motions were not "objectively frivolous" in light of the facts and law. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that

(1) the Proposed Intervenor's Motion for Leave to Intervene [ECF No. 17] shall be **DENIED**;

(2) Defendant's Motion to Dismiss the Insureds' Complaint for Declaratory Relief and to Compel Arbitration [ECF No. 30] shall be **GRANTED IN PART AND DENIED IN PART**. Defendants' Motion to Compel is **GRANTED** and the Motion to Dismiss is **DENIED**. The parties shall proceed under HKAIC procedures as the Disputes Clause requires;

(3) Plaintiffs' Expedited Motion for Preliminary Anti-Suit Injunction [ECF No. 12] is **DENIED**; and

(4) Defendant's Motion for Sanctions [ECF No. 11] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of March, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE